30608. COHEN *v.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

DECIDED SEPTEMBER 20, 1944. REHEARING DENIED OCTOBER 27, 1944.

666

668

T. J. Lewis, for plaintiff.

Grover Middlebrooks, Louis W. Dawson, for defendant.

FELTON, J. Irrespective of which party had the burden of proof, a verdict for the insurance company was demanded, and the court did not err in directing a verdict for the company, or in overruling the plaintiff's motion for a new trial. If the insured was sane, the evidence is conclusive that he deliberately committed suicide. If such was the case death was intentional, and therefore not accidental. If he was insane his death was directly or indirectly the result of mental infirmity, and this fact, under the provisions of the policy, precluded recovery of the double indemnity. See *Harris* v. *Metropolitan Life Ins. Co.*, 66 *Ga. App.* 761 (19 S. E. 2d, 199). In that case death was caused directly or indirectly by disease, but the principle is the same if force and effect are given the terms of the policy sued on. It is not necessary here to discuss the applicability to this case of the decision of the Supreme Court in

*Christensen* v. *New England Mutual Life Ins. Co.,* 197 *Ga.* 807 (30 S. E. 2d, 471), for the reason that the policy provisions there involved did not contain the provision as to mental infirmity. The facts do not support a finding that the insured fell accidentally in front of the vehicle or any other theory which would have made the death accidental if the insured had been sane. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*